LEE TRAN & LIANG APLC
 Enoch H. Liang (Cal. State Bar No. 212324)
 Daniel J. Taylor (Cal. State Bar No. 241404)
601 S. Figueroa Street, Suite 4025
Los Angeles, CA  90017
(tel): 213-612-3737
(fax): 213-612-3773
(email): dt@ltlcounsel.com

Attorneys for Defendants Charles Lee and
Contempo Inc. USA

CARUSO POPE EDELL PICINI, P.C.
 Michael T. Stewart (MS 7294)
 Rich Picini (XX XXXX)
60 Route 46 East
Fairfield, NJ 07004
(tel): (973) 667-6000



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/09

Attorneys for Plaintiff De Novo Imports

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT NEW YORK

| DE NOVO IMPORTS, INC.<br><br>                          Plaintiff,<br><br>vs.<br><br>CONTEMPO USA INC., CHARLES LEE AND YOUNG JEWELRY CO., LTD.,<br><br>                          Defendants. | Civil Action No. 09-CV-1756<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER PURSUANT TO RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
|---|---|

Subject to the approval of this Court, Defendants Charles Lee ("Lee') and Contempo Inc. USA ("Contempo") (collectively "Defendants") and Plaintiff De Novo Imports, Inc.'s ("Plaintiff") hereby stipulate to the following Protective Order:

## I.   GOOD CAUSE STATEMENT

### A.   FACTUAL BACKGROUND

The parties to this case are in the business of, among other things, selling, marketing, and/or distributing costume and/or fashion jewelry in the United States and internationally. Disclosure and discovery in this action is likely to involve production of confidential, proprietary, private, commercially sensitive or trade secret information of Plaintiff and Defendants, as well as possibly third parties, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Disclosure of this commercially sensitive business information is likely to cause harm to Plaintiff and Defendants, as well as third parties. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Additionally, certain such confidential information is extremely sensitive, the disclosure of which to another party or non-party would create a substantial risk of serious injury. Thus this information needs to be designated "Confidential—Attorney's Eyes Only", as provided for under section 11 of the attached Proposed Stipulated Protective Order below.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as

confidential under applicable legal principles. The parties further acknowledge, as set forth in paragraph 17 of the proposed Stipulated Protective Order below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

### B. THE PROPOSED PROTECTIVE ORDER FOCUSES ON THE PROTECTION OF COMMERCIALLY SENSITIVE BUSINESS INFORMATION.

FED. RULE CIV. P. 26(c)(7), permits this Court to grant a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. A protective order that focuses on preventing disclosure of particular information, *e.g.* confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. Hayden v. Siemens Medical Systems, Inc., 106 F.R.D. 551, 556 (S.D.N.Y. 1985).

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation." Bayer AG and Miles, Inc. v. Barr Laboratories, Inc., 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

The parties' Proposed Stipulated Protective Order was drafted specifically to protect the disclosure of each party's commercially sensitive sales information, customer information, and confidential or trade secret business information. Confidential information under this agreement is specifically defined below. Such information, under the proposed Protective Order, may be designated

CONFIDENTIAL or CONFIDENTIAL—ATTORNEY'S EYES ONLY, as specifically described below, and is open to challenge by either party, any third party, or the public.

### C.   CONCLUSION

Based on the foregoing demonstration of good cause in support of the parties' Proposed Stipulated Protective Order, this Order should be granted by the Court to protect the parties' confidential business information.

### II.   CONFIDENTIALITY AGREEMENT

1. In connection with discovery and disclosure in this action, the parties may designate documents (as defined in paragraph 2(a)), things, material, testimony or other information derived therefrom, as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under the terms of this Stipulated Protective Order (hereinafter "Order").

2. Definitions.

    (a) Documents: The term "Documents" as used herein includes any written, printed, recorded or graphic matter, computer memory, computer tapes and diskettes, tapes, films, photographs, drawings, or any other tangible thing by which information is contained, stored or displayed, of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, signed or unsigned, and regardless of whether approved, signed, sent, received, redrafted, or executed, including without limitation written and electronic

        communications, letters, correspondence, notes, memoranda of telephone conversations or meetings, diaries, desk calendars, interoffice communications, fax messages, E-mail, telegrams, telex messages, records, studies, summaries, analyses, statistical and financial statements, charts, graphs, reports, computer printouts, laboratory notebooks, invention disclosure documents, patent applications and drafts thereof, test records, test reports, assignments, licenses, bills of sale, sale of business agreements, market studies, articles, publications, patents, manuals, magnetic tapes, tabulations, records, work papers, journals, microfiche, microfilm, photographic film, surveys, forms, printed brochures or materials similar to any of the foregoing, however denominated, by whomever prepared, and whomever addressed.

(b) <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(c) <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

(d) <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

(e) <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

(f) <u>Designating Party</u>: a Party or non-party that designates

information or items that it produces in disclosures or in responses to discovery as "Confidential."

(g) <u>Challenging Party</u>: a Party who disputes the propriety of any designation of Confidential Information (as defined in item (i) of this paragraph) by a Designating Party.

(h) <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

(i) <u>Confidential Information</u>: is information which has not been made public—and which concerns or relates to production; sales; shipments; purchases; transfers; identification of customers; inventories; amount or source of any income; profits; losses; taxes; technical, research; developmental data; research and development plans; and/or expenditures of any person, firm, partnership, corporation, or other organization, including, without limitation, any sales and budget analyses, forecasts, or marketing plans—the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or organization from which the information was obtained, that qualifies for protection under FED. RULE CIV. P. 26(c).

(j) <u>Confidential Material</u>: is information and material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential.

(k) <u>Confidential—Attorney's Eyes Only Material</u>: is documents,

information, discovery material, or testimony of a highly confidential and/or proprietary nature, that is extremely sensitive, the disclosure of which to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

3. Confidential documents shall be so designated by a Producing Party by stamping copies of the document with the legend "CONFIDENTIAL," or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" if appropriate under paragraph 11 of this order. Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" on the cover of any multipage document shall so designate all pages of the document, unless otherwise indicated by the Designating Party. Further, stamping "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEY'S EYES ONLY" to a CD, DVD, or other electronic or optical data storage device shall so designate all documents or information contained or stored therein, unless otherwise indicated by the Designating Party. No item shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL– ATTORNEY'S EYES ONLY" if:

 (a) prior to disclosure by the Producing Party, the information was known to the Receiving Party to be without any obligation of confidentiality to the Producing Party, and the Receiving party's written records evidence such knowledge;

 (b) the information is subsequently disclosed to the Receiving Party by a third party having no obligation of confidentiality to the Producing Party with respect to such information; or

 (c) the information is published or becomes generally known to the public through means not constituting a breach of this Order.

4. Each Party or non-party that designates information or items for

protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of documents, items, oral or written communications, or other material that qualify – so that other portions of the documents, items, oral or written communications, or other material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to be overruled by the Court.

6. If it comes to a Party's—or a non-party's—attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing or modifying the designation.

7. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by placing a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

8. Confidential Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Confidential Material produced pursuant to this Order may be

disclosed or made available only to the Court, to counsel[1] for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    experts or consultants (together with their clerical or professional staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (b)    court reporter(s) employed in this action and their clerical staff;

    (c)    any other person as to whom the parties in writing agree, provided each person who is acceptable to the Parties shall sign an agreement stating that he or she had read the Protective Order and agrees to be bound by the Protective Order and to submit to the jurisdiction of the Court prior to any disclosure being made to such person;

    (d)    a witness at any deposition or other proceeding in this action at which testimony may be elicited, solely for purposes of eliciting such testimony;

    (e)    a professional vendor to whom disclosure is reasonably necessary for this litigation; and

    (f)    a party, or an officer, director, or employee of a party, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action.

10.     Confidential Material shall not be disclosed to persons described in Paragraph 9 unless and until such person has executed Attachment A, or a declaration or affidavit substantially similar thereto. Such an executed non-disclosure agreement or similar writing must be provided to all other parties named

---

[1] "Counsel" as used herein refers to outside counsel only, unless otherwise stated.

in this action before any disclosure, along with a written statement setting forth such person's present business address, current employer, job title, and any past or present association with any party or any competitor of any party.

11. The parties may further designate certain documents, information, discovery material, or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY". Confidential—Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 9(a) through (e) above, but shall in no instance be disclosed to a party, or to an officer, director or employee of party, unless expressly agreed to in writing or ordered by the Court. If disclosure of Confidential—Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

12. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must first meet and confer directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may seek judicial intervention only if it has completed this meet

and confer requirement first.

14. If a dispute as to a confidentiality designation remains unresolved after the Challenging Party has complied with the meet and confer obligation of paragraph 13, above, the Challenging Party may file and serve a motion in compliance with the local court rules of the United States District Court, Southern District of New York that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in paragraph 13 and that sets forth with specificity the grounds for the Challenging Party's objection to the confidentiality designation and the justification for the confidentiality designation that was given by the Designating Party during meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Until this Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

16. If at any time any counsel appearing at a deposition believes that there may be a disclosure of information that may be Attorney's Eyes Only Material, such counsel may require that anyone who is not outside counsel for a party or a person described in Paragraph 9(a) through (e) of the Protective Order leave the deposition for so long as Attorney's Eyes Only Material is being described or discussed.

17. If Confidential Material, including any portion of a deposition

transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and submitted for filing under seal until further order of this Court, by sealing the necessary copies in separate envelopes with a copy of the title page attached to the front of each envelope and accompanied by a written application and a proposed order. The parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal and that all applications for filing under seal must meet the Court's approval.

18. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

19. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FED. RULE CIV. P. 26(c), for separate protective order as to any particular document or information including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

20. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing

obligation of any party or the absence thereof.

21. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by facsimile transmission, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. Further, the Receiving Party must immediately inform, in writing, the Party in the other action who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action who caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

22. This Order shall survive the final termination of this action. Upon termination of this case, unless otherwise ordered by the Court, counsel for each party shall assemble all writings and recordings, as those terms are used in Federal Rules of Evidence, Rule 1001, which were produced and designated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEYS EYES ONLY, and all writings and recordings which contain any such Confidential Material or Attorney's Eyes Only Material in whole or part. Each and every writing or

recording that is Confidential Material or Attorney's Eyes Only Material or contains any such Confidential Material or Attorney's Eyes Only Material thus assembled shall be destroyed or delivered to counsel for the Disclosing Party within thirty (30) days after the termination of the case. Any writing or recording that is covered by the attorney-client communication privilege or the attorney work product privilege and contains any Confidential Material or Attorney's Eyes Only Material shall be gathered, assembled and destroyed. A certification of destruction signed by the counsel of record who destroyed the writings and recordings shall be provided to lead counsel of record for any other party upon reasonable written request therefor. Outside counsel may retain for their files one set of correspondence and court filings that are otherwise returned or destroyed.

23. Should any non-party discovery take place in this case, the parties and their counsel agree that the provisions of this Protective Order shall extend to such non-parties and any documents obtained thereby.

24. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**So Stipulated,**

Respectfully submitted,

CARUSO POPE EDELL PICINI PC
Counsel for Plaintiff, DeNovo Imports, Inc.

By: _____
    Michael Stewart

LEE TRAN & LIANG
Counsel for Defendants Contempo USA, Inc. and Charles Lee

By: _____
    Daniel Taylor

**SO ORDERED.**

Dated: 12/22, ~~2008~~ 2009

_____
Honorable John G. Koeltl
U.S. District Court Judge

This order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

So ordered.
J. G. Koeltl
U.S.D.J.
12/22/09.

15

## ATTACHMENT A

## NONDISCLOSURE AGREEMENT

I, _____[print or type full name], of

_____

_____ [print or type full address], declare under penalty of perjury that I am fully familiar with the terms of the Stipulated Protective Order entered in *De Novo Imports, Inc. v. Contempo Inc. USA, et al.,* United States District Court for the Southern District of New York, Civil Action No. 09-CV-1756, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Dated: _____

Signature:_____

Printed name: _____

## PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF LOS ANGELES)

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 601 S. Figueroa Street, Suite 4025, Los Angeles, CA 90017.

On **December 18, 2009**, I served the foregoing document(s) described as:
- **STIPULATED [PROPOSED] PROTECTIVE ORDER PURSUANT TO RULE 26(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

on the interested parties in this action.

[X]  By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

---

Michael T. Stewart
Nicholas Albano III
Caruso Pope Edell Picini, P.C.
60 Route 46 East
Fairfield, NJ 07004

---

[ ]  **BY OVERNIGHT COURIER** I caused each envelope with fees prepaid shipped by Federal Express.

[X]  **BY MAIL** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **December 18, 2009**, at Los Angeles, California.

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

LYNETTE W. SUKSNGUAN
Type or Print Name                          Signature

PROOF OF SERVICE